IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CORNELL UNIVERSITY, CORNELL RESEARCH FOUNDATION, INC., LIFE TECHNOLOGIES CORPORATION AND APPLIED BIOSYSTEMS, LLC, | |
| Plaintiffs, | |
| v. | C.A. No.  10-433-LPS |
| ILLUMINA, INC., | |
| Defendant. | |

## STIPULATED PROTECTIVE ORDER

To expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), it is hereby ORDERED THAT:

## INFORMATION SUBJECT TO THIS ORDER

1.      For purposes of this Protective Order ("Order"), "CONFIDENTIAL" information shall mean all information, material, documents, or electronically stored information that is produced for or disclosed, either through the formal discovery process or informally, to a receiving party; which a producing party, including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order, considers to constitute or to contain business, financial, technical, operations, development,

commercial, or other non-public information, whether embodied in physical objects, documents, or the factual knowledge of persons, the disclosure of which is likely to harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third party or to a Court; and which has been so designated by the producing party.

2.     For purposes of this Order, "ATTORNEYS' EYES ONLY" information shall mean all information, material, documents, or electronically stored information that is produced for or disclosed, either through the formal discovery process or informally, to a receiving party; which a producing party, including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order, considers to constitute or to contain proprietary or trade secret financial, technical, or commercially-sensitive competitive information more sensitive or strategic than CONFIDENTIAL information, the disclosure of which is likely to significantly harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court, and which has been so designated by the producing party.  Examples of such information include, without limitation, information that the producing party maintains as highly confidential in its business, information obtained from a nonparty pursuant to an applicable nondisclosure or confidentiality agreement, information relating to future products not yet commercially released, strategic plans, technical documents that would reveal trade secrets, and settlement or license agreements or settlement or license communications.

YCST01:10890135.1
4812-5306-8297.1                                                                                     068713.1003

3.      The following information is not CONFIDENTIAL or ATTORNEYS' EYES ONLY information:

(a)      any information which at the time of disclosure to a receiving party is lawfully in the public domain;

(b)      any information which after disclosure to a receiving party lawfully becomes part of the public domain as a result of publication not involving a violation of this Order;

(c)      any information which a receiving party can show was received by it, whether before or after the disclosure, from a source who obtained the information lawfully and was under no obligation of confidentiality to the producing party; and

(d)      any information which a receiving party can show was independently developed by it or by personnel who have not had access to the producing party's CONFIDENTIAL information or ATTORNEYS' EYES ONLY information.

## DESIGNATION OF INFORMATION AS CONFIDENTIAL OR ATTORNEYS' EYES ONLY

4.      The producing party's designation of information as CONFIDENTIAL or ATTORNEYS' EYES ONLY means that such party believes in good faith, upon reasonable inquiry, that the information qualifies as such.

5.      Any document, electronically stored information, or tangible thing containing or including any CONFIDENTIAL or ATTORNEYS' EYES ONLY information may be designated as such by the producing party by marking it, or a coversheet corresponding thereto if a document or electronically stored information is produced in native electronic format,

3

CONFIDENTIAL or ATTORNEYS' EYES ONLY prior to or at the time production is made to the receiving party.[1]

6.      In the case of interrogatory answers and the information contained therein, designation shall be made by marking the first page and all subsequent pages containing the confidential information CONFIDENTIAL or ATTORNEYS' EYES ONLY.

7.      The original and all copies of any deposition transcript shall be marked CONFIDENTIAL or ATTORNEYS' EYES ONLY by the reporter, and shall thereafter be treated in accordance with the terms of this Order, if a person states on the record at the deposition that the information is CONFIDENTIAL or ATTORNEYS' EYES ONLY or by advising the opposing party and the stenographer and videographer in writing, within fourteen days after receipt of the deposition transcript, that the information is CONFIDENTIAL or ATTORNEYS' EYES ONLY.

8.      All CONFIDENTIAL or ATTORNEYS' EYES ONLY information not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in Paragraph 5, shall be designated by informing the receiving party of the designation in writing.  To the extent the receiving party subsequently generates copies of this information, whether electronic or hard-copy, it shall mark such copies with the appropriate confidentiality designations.  When documents are produced in electronic form, the producing party shall include a confidentiality designation on the medium containing the documents.  If a receiving party uses a hard-copy of a native format document, the receiving party shall mark each such page of such document with the applicable confidentiality designation.

---

[1]  The parties may agree, on a case-by-case basis, to allow the production and/or disclosure of certain documents without coversheets so long as said agreement is between all parties and is evidenced by a written instrument of some form.

4

9.     A producing party's failure to designate a document, thing, or testimony as CONFIDENTIAL or ATTORNEYS' EYES ONLY does not constitute forfeiture of a claim of confidentiality as to any other document, thing, or testimony. The producing party may subsequently inform the receiving party of the CONFIDENTIAL or ATTORNEYS'EYES ONLY nature of the disclosed information, and the receiving party shall treat the disclosed information as CONFIDENTIAL or ATTORNEYS' EYES ONLY information upon receipt of written notice from the producing party. The receiving party shall not be held liable to the producing party for having previously disclosed such re-designated information, but shall be obligated to undertake reasonable efforts to retrieve any previously disclosed, re-designated information.

10.    A person who has designated information as CONFIDENTIAL or ATTORNEYS' EYES ONLY may withdraw the designation by written notification to all parties in the case.

### PERSONS AUTHORIZED TO RECEIVE CONFIDENTIAL INFORMATION AND ATTORNEYS' EYES ONLY INFORMATION

#### Counsel

11.    Counsel for the respective parties to this litigation, including no more than three (3) in-house litigation counsel per party, associate attorneys, paralegals, clerical staff and support staff shall have access to the producing party's CONFIDENTIAL information and ATTORNEYS' EYES ONLY information.

YCST01:10890135.1
4812-5306-8297.1

068713.1003

**Outside Consultants**

12.     CONFIDENTIAL and ATTORNEYS' EYES ONLY information of a producing party, and such copies as are reasonably necessary for maintaining, defending or evaluating this litigation, may be furnished and disclosed to outside consultants, subject to the requirements of Paragraphs 14-16. The term "outside consultant" shall mean any outside person (who is not an employee of a party) and their engineering, technical, accounting, financial or other support personnel, including, but not limited to, a proposed expert witness or consultant with whom counsel may deem it necessary to consult concerning technical, financial, or other aspects of this case for the preparation or trial thereof.

13.     Should a receiving party find it necessary for maintaining, defending or evaluating this litigation to disclose a producing party's CONFIDENTIAL or ATTORNEYS' EYES ONLY information to an outside consultant, the receiving party shall first give written notice to the producing party that it desires to disclose such information to such person(s), and thereafter the producing party shall have seven (7) calendar days after such notice is given (plus three (3) calendar days if notice is given other than by hand delivery, e-mail transmission or facsimile transmission) to object in writing.  The party desiring to disclose CONFIDENTIAL or ATTORNEYS' EYES ONLY information to an outside consultant shall provide to the producing party the curriculum vitae of each such individual, a signed copy of the Agreement found in Attachment A from each individual, and shall also include the following information about each individual in the written notice:

        (a)     current employer;

        (b)     business address;

        (c)     business title;

        (d)     business or profession;

6

(e)     for the preceding four years, any previous or current relationship (personal or professional) with any of the parties; and

(f)     for the preceding four years, a listing of other cases in which the individual has testified (at trial or deposition), all companies for which the individual has provided consulting services, either directly or through a consulting firm, and all companies by which the individual has been employed, within the last four years.

Such a listing, as appropriate, may itself be designated as CONFIDENTIAL information or ATTORNEYS' EYES ONLY information pursuant to this Order.

14.     No CONFIDENTIAL information or ATTORNEYS' EYES ONLY information shall be disclosed to such outside consultant until after the expiration of the foregoing notice period unless written consent to such disclosure is provided by the producing party prior to the expiration of the foregoing notice period.

15.     If, however, during the notice period the producing party serves an objection upon the receiving party desiring to disclose CONFIDENTIAL information or ATTORNEYS' EYES ONLY information to the outside consultant, there shall be no disclosure of CONFIDENTIAL information or ATTORNEYS' EYES ONLY information to such individual pending resolution of the objection.  The producing party objecting to disclosure of CONFIDENTIAL information or ATTORNEYS' EYES ONLY information to the individual shall provide an explanation of the basis of its objection, and consent to the disclosure of CONFIDENTIAL information or ATTORNEYS' EYES ONLY information to the individual shall not be unreasonably withheld. If a producing party objects to the disclosure of CONFIDENTIAL information or ATTORNEYS' EYES ONLY information to an outside consultant, the receiving party shall then

have seven (7) calendar days after such objection is served (plus three (3) calendar days if the objection is served other than by hand delivery, e-mail transmission or facsimile transmission) to respond to the objection.  The producing party shall then have seven (7) calendar days after such response is served (plus three (3) calendar days if response is served other than by hand delivery, e-mail transmission or facsimile transmission) to file an objection with the Court and seek disqualification of the outside consultant or other appropriate relief, if the parties cannot come to an agreement.  The producing party shall bear the burden of establishing that the objectionable individual should not have access to the producing party's CONFIDENTIAL information or ATTORNEYS' EYES ONLY information.   No CONFIDENTIAL information or ATTORNEYS' EYES ONLY information shall be provided to the objected-to individual until after resolution of the objection either by the parties or by the Court.  If the producing party fails to file an objection with the Court within the prescribed period, then any objection to the outside consultant is waived, and any CONFIDENTIAL information or ATTORNEYS' EYES ONLY information may be thereafter disclosed to such individual.  No document designated by a producing party as CONFIDENTIAL information or ATTORNEYS' EYES ONLY information shall be disclosed by a receiving party to an outside consultant until after the individual has signed the Confidentiality Agreement appended hereto as Attachment A stating that he or she has read and understands this Order and agrees to be bound by its terms.  Such agreement shall be retained by counsel for the receiving party.

### Data Processing Vendors and Graphics/Trial Consultants

16.     Subject to the requirements set forth in this Order, CONFIDENTIAL information or ATTORNEYS' EYES ONLY information of a producing party, and such copies as are reasonably necessary for maintaining, defending or evaluating this litigation, may be furnished and disclosed to data processing vendors; graphics or design services retained by counsel for

8

purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action; or non-technical jury or trial consulting services, including mock jurors. The term "data processing vendor" means any person (and supporting personnel) who is a member or employee or consultant of an outside data entry or data processing entity employed or retained by a receiving party or its counsel and who is assisting in the development or use of data retrieval systems in connection with this action. All jury or trial-consulting services, including mock jurors, must sign a Confidentiality Agreement, in the form appended hereto as Attachment A, prior to receiving any CONFIDENTIAL information or ATTORNEYS' EYES ONLY information. Such written agreement shall be retained by counsel for the receiving party making such disclosures. No CONFIDENTIAL OR ATTORNEYS' EYES ONLY information shall be permitted to remain in the possession of any mock juror.

## CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

17. The parties will use reasonable care when designating documents or information as CONFIDENTIAL information or ATTORNEYS' EYES ONLY information. Nothing in this Order shall prevent a receiving party from contending that any or all documents or information designated as CONFIDENTIAL information or ATTORNEYS' EYES ONLY information have been improperly designated. A receiving party may at any time request that the producing party cancel or modify the confidentiality designation with respect to any document or information contained therein.

18. A party shall not be obligated to challenge the propriety of any CONFIDENTIAL information or ATTORNEYS' EYES ONLY information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on counsel for the producing party, and shall particularly identify the

documents or information that the receiving party contends should be designated differently. The parties shall use their best efforts to promptly and informally resolve such disputes. If agreement cannot be reached, the receiving party shall request that the Court revoke or modify a CONFIDENTIAL or ATTORNEYS' EYES ONLY designation. The party or parties producing the designated documents, however, shall have the burden of establishing that the disputed documents are entitled to confidential treatment. Until such a dispute is resolved, either by the parties or by direction of the Court, the receiving party shall continue to treat the information at issue consistent with its current confidentiality designation under this Order. A party's failure to contest a designation of information as CONFIDENTIAL or ATTORNEYS' EYES ONLY is not an admission that the information was properly designated as such.

## LIMITATIONS ON THE USE OF CONFIDENTIAL INFORMATION AND ATTORNEYS' EYES ONLY INFORMATION

19.     Any CONFIDENTIAL or ATTORNEYS' EYES ONLY information obtained by any receiving party from any producing party in this litigation or other person shall be used only for purposes of this litigation and any appeals therefrom, and may not be used for any other purpose, including but not limited to use in other litigation or business purposes.

20.     CONFIDENTIAL information and ATTORNEYS'EYES ONLY information shall be held in confidence by each person to whom it is disclosed. Such information shall not be disclosed to any person who is not entitled to receive such information as herein provided. All CONFIDENTIAL information and ATTORNEYS' EYES ONLY information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information. However, nothing in this Order shall prevent any court reporter, videographer, mediator or their employees, or the Court, any employee of the Court or any juror from reviewing any evidence in this case for the purpose of these proceedings. Further, nothing in this

Order shall impact the admissibility of any document or other evidence at any hearing or at trial. Court reporters and videographers not employed by the Court must execute a written Confidentiality Agreement, in the form appended hereto as Attachment A.

21.     Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all CONFIDENTIAL information and ATTORNEYS' EYES ONLY information of which such person has prior knowledge. Without in any way limiting the generality of the foregoing:

(g)     A present director, officer, and/or employee of a producing party may be examined and may testify concerning all CONFIDENTIAL information or ATTORNEYS' EYES ONLY information which has been produced by that party;

(h)     A former director, officer, agent and/or employee of a producing party may be interviewed, examined and may testify concerning any CONFIDENTIAL information and ATTORNEYS' EYES ONLY information that refers to matters of which the witness has personal knowledge, which has been produced by that party and which pertains to the period or periods of his or her employment; and

(i)     Non-parties may be examined or testify concerning any CONFIDENTIAL information or ATTORNEYS' EYES ONLY information of a producing party which appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or

068713.1003

relationship with the producing party, or a representative of such producing party. Any person other than the witness, his or her attorney(s), and any person qualified to receive CONFIDENTIAL information or ATTORNEYS' EYES ONLY information under this Order shall be excluded from the portion of the examination concerning such information, unless the producing party consents to persons other than qualified recipients being present at the examination.  If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney shall be requested to provide a signed Confidentiality Agreement, in the form of Attachment A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of CONFIDENTIAL information or ATTORNEYS' EYES ONLY information disclosed during the course of the examination.  In the event that such attorney declines to sign such a Confidentiality Agreement, prior to the examination, the parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting such attorney from disclosing such CONFIDENTIAL information or ATTORNEYS' EYES ONLY information.

22.     All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court which have been designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY information or which contain information so

designated, shall be filed under seal in accordance with the local rules.  Any paper copies served shall be in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of this matter, an indication of the nature of the contents of such sealed envelope or other container, the words "[ATTORNEYS' EYES ONLY] CONFIDENTIAL INFORMATION - UNDER PROTECTIVE ORDER" and a statement substantially in the following form:

> This envelope contains confidential information filed in this case
> by (name of party) and is not to be opened nor the contents thereof
> to be displayed or revealed except by order of the Court presiding
> over this matter.

23.     Nothing in this Order shall prohibit the transmission or communication of CONFIDENTIAL information or ATTORNEYS' EYES ONLY information between or among qualified recipients

(j)     by hand-delivery;

(k)     in sealed envelopes or containers via the mails or an established freight, delivery, or messenger service; or

(l)     by telephone, telegraph, facsimile, email or other electronic transmission system, where, under the circumstances, there is no reasonable likelihood that the transmission will be intercepted or misused by any person who is not a qualified recipient.

## NONPARTY USE OF THIS PROTECTIVE ORDER

24.     A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information in the same manner and shall receive the same level of protection under this Order as any party to this lawsuit, provided that such nonparty complies with the provisions of this Order.

YCST01:10890135.1
4812-5306-8297.1                                                      068713.1003

25.     A nonparty's use of this Order to protect its CONFIDENTIAL information or ATTORNEYS' EYES ONLY information does not entitle that nonparty access to CONFIDENTIAL information or ATTORNEYS' EYES ONLY information produced by any party in this case.

## RETURN OF CONFIDENTIAL INFORMATION

26.     Within sixty (60) days after this action is terminated, either by the entry of a final, non-appealable judgment or order, the complete settlement of all claims asserted against all parties in this action, or by other means, each party shall, at its option, either return to the producing party or destroy all physical objects and documents identified as CONFIDENTIAL information or ATTORNEYS' EYES ONLY information which were received from the producing party.   After ninety (90) days have passed since the termination of this action, a producing party may write to any receiving party and request confirmation that any physical objects and documents produced by the producing party and identified as CONFIDENTIAL information or ATTORNEYS' EYES ONLY information not previously returned to the producing party have been destroyed.   Notwithstanding the foregoing, counsel shall be entitled to maintain copies of all notes, memoranda, and other work product materials, as well as pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at trial. Notwithstanding the provisions of this Paragraph, counsel is not required to delete information that may reside on their electronic disaster recovery systems which are over-written in the normal course of business.   However, counsel agree that no CONFIDENTIAL information or

14

ATTORNEYS' EYES ONLY information shall be retrieved from the electronic disaster recovery systems after the conclusion of the above-captioned matter.

## NO WAIVER OF PRIVILEGE

27.     Production of documents (including physical objects) for inspection, or production of copies of documents, shall not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege or immunity from discovery if, after the producing party becomes aware of any inadvertent or unintentional disclosure, the producing party designates any such documents as within the attorney-client privilege or work product immunity or any other applicable privilege or immunity and requests return of such documents to the producing party. Upon request by the producing party, the receiving party shall immediately return all copies of such inadvertently produced document(s), regardless of whether the receiving party agrees with the designation, without making any further use of such documents(s), and shall immediately destroy any notes or other writings that summarize, reflect or discuss the privileged or protected content of such document(s). The producing party shall thereafter put any document designated in this manner onto its privilege log (if the parties do not agree to dispense with privilege logs altogether). Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court. However, the receiving party may not use the production of the document(s) in question to support the challenge.

## DISCOVERY RULES REMAIN UNCHANGED

28.     Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, or the Court's Scheduling Order. Identification

15

of any individual pursuant to this Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, or the Court's Scheduling Order.  Nothing in this Order shall be construed to require a party to produce or disclose information not otherwise required to be produced under the applicable rules or orders of this Court.

29.     Any party is free to use its own CONFIDENTIAL information or CONFIDENTIAL – ATTORNEYS' EYES ONLY information for any purpose, and no use by the producing party shall affect or otherwise act as a waiver with respect to the confidential status of that information.

## MISCELLANEOUS PROVISIONS

30.     Any of the notice requirements herein may be waived, in whole or in part, but only by a writing signed by the attorney of record for the party against whom such waiver will be effective.

31.     Entering into, producing and/or receiving CONFIDENTIAL information or ATTORNEYS' EYES ONLY information or otherwise complying with the terms of this Order shall not:

(m)     Operate as an admission by any party that any material designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY contains or reflects trade secrets or any other type of confidential or proprietary information entitled to protection under applicable law;

(n)     Prejudice in any way the rights of any party to object to the production of documents, electronically stored information and things it considers not subject to discovery, or operate as an

16

admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be CONFIDENTIAL or ATTORNEYS' EYES ONLY information;

(o)    Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or the evidence subject to this Order;

(p)    Prejudice in any way the rights of any party to seek a determination by the Court whether any discovery material or Designated Material should be subject to the terms of this Order;

(q)    Prejudice in any way the rights of any party to petition the Court for a further protective order related to any purportedly CONFIDENTIAL or ATTORNEYS' EYES ONLY information;

(r)    Prejudice in any way the rights of any party to petition the Court for permission to disclose or use particular CONFIDENTIAL or ATTORNEYS' EYES ONLY information more broadly than would otherwise be permitted by the terms of this Order; or

(s)    Prevent any party from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular discovery material designated as CONFIDENTIAL or ATTORNEYS'EYES ONLY information by that party.

32.    By entering this Order and limiting the disclosure of information in this case, the Court does not intent to preclude another court from finding that information may be relevant

17

and subject to disclosure in another case.  Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

33.     In the event that any CONFIDENTIAL or ATTORNEYS' EYES ONLY information is disclosed to any person or entity that is not, or would not be, permitted to access the information under this Order, then the disclosing party must immediately upon discovery of such disclosure notify the other parties in writing of that disclosure.  The disclosing party shall take all reasonable steps to retrieve the disclosed information from any person or entity that is not, or would not be, permitted to access the information under this Order, including requesting the return of all copies of the disclosed information.  Such efforts by the disclosing party shall not affect the right of the producing party to seek redress against the disclosing party for such improper disclosure.

34.     This Order's obligations regarding CONFIDENTIAL and ATTORNEYS' EYES ONLY information survive the conclusion of this case.

35.     The United States District Court for the District of Delaware is responsible for the interpretation and enforcement of this Order. All disputes concerning CONFIDENTIAL information or ATTORNEYS' EYES ONLY information produced under the protection of this Order shall be resolved by the United States District Court for the District of Delaware.

YCST01:10890135.1
4812-5306-8297.1

068713.1003

Illumina Corporation

Cornell University, Cornell Research
Foundation, Inc., Life Technologies
Corporation and Applied Biosystems, LLC

*/s/ Lauren E. Maguire*

*/s/ Karen E. Keller*

_____

_____

Steven J. Balick (#2114)
Lauren E. Maguire (#4261)
Caroline Hong (#5189)
Ashby & Geddes
500 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899
sbalick@ashby-geddes.com
lmaguire@ashby-geddes.com
chong@ashby-geddes.com

Adam W. Poff (#3990)
Karen E. Keller (No. 4489)
Young, Conaway, Stargatt and Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801
(302) 571-6600
kkeller@ycst.com

OF COUNSEL:
David G. Hanson
Amy M. Lindner
Reinhart Boerner Van Deuren
1000 North Water Street, Suite 2100
Milwaukee, WI 53202

OF COUNSEL:
Francis M. Wikstrom
Kristine E. Johnson
Parsons Behle & Latimer
201 South Main, #1800
Salt Lake City, UT 84111
(801) 532-1234
*Attorneys for Plaintiffs*

Rip Finst
Life Technologies Corporation
5791 Van Allen Way
Carlsbad, CA 92008
(760) 603-7200

*Attorney for Life Technologies Corporation
and Applied Biosystems, LLC*

**So ORDERED and SIGNED this _____ day of _____, 2011.**

_____

19