**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CORNELL UNIVERSITY, CORNELL RESEARCH FOUNDATION, INC., LIFE TECHNOLOGIES CORPORATION, and APPLIED BIOSYSTEMS, LLC, | : : : : : | |
| Plaintiffs, | : : | C. A. No. 10-433-LPS-MPT |
| v. | : : | |
| ILLUMINA, INC., | : : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION**

## I. INTRODUCTION

### A.      Procedural Background

On May 10, 2010, Cornell University, Cornell Research Foundation, Inc., Life

Technologies Corporation, and Applied Biosystems, LLC (collectively "plaintiffs")

brought this action against Illumina, Inc. ("defendant"), alleging infringement of eight

patents.[1]  Defendant answered on August 23, 2010, asserting counterclaims seeking

declaratory judgment of invalidity and non-infringement of each patent.[2]  Defendant did

not initially plead any affirmative defenses or counterclaims concerning a covenant not

to sue.[3]  On October 4, 2010, defendant amended its answer to include that plaintiffs'

claims are barred, as to Life Technologies Corporation and Applied Biosystems, LLC,

---

[1] D.I. 1.
[2] D.I. 13 at 16-18.
[3] *Id.* at 15-18.

based on a "grant of a covenant not to sue [defendant]."[4]

Thereafter, defendant filed a motion to bifurcate the covenant issue, and stay the patent infringement case, pursuant to FED. R. CIV. P. 42(b).[5] While the motion was pending, plaintiffs amended their complaint to add claims of infringement for three additional patents.[6] On October 20, 2011, the court granted defendant's motion to bifurcate and stay.[7]

Defendant then filed its amended counterclaims and answer to plaintiffs' first amended complaint.[8] In these pleadings, defendant added a counterclaim for breach of the same contract that serves as the basis for its covenant not to sue affirmative defense.[9] Presently before the court is plaintiffs' motion to dismiss defendant's breach of contract counterclaim, under FED. R. CIV. P. 12(b)(6), for failure to state a claim upon which relief can be granted,[10] and defendant's request to file an amended counterclaim, pursuant to FED. R. CIV. P. 15(a), should the court find its counterclaim deficient.[11]

### B.    Legal Standard

####      1.    FED. R. CIV. P. 12(b)(6)[12]

---

[4] D.I. 15 at 15, ¶ 6.

[5] D.I. 26.  The supporting brief is found at D.I. 27.

[6] D.I. 63.

[7] D.I. 82 at 48:7-11.

[8] D.I. 92.

[9] *Id.* at 25, ¶¶ 34-40.

[10] D.I. 95.  The briefs and supporting documents are found at D.I. 96 (plaintiffs' opening brief), D.I. 97 (defendant's response in opposition), and D.I. 100 (plaintiffs' reply brief).

[11] D.I. 97 at 18-22.

[12] A FED. R. CIV. P. 12(b)(6) motion to dismiss a counterclaim is decided under the same standard as a FED. R. CIV. P. 12(b)(6) motion to dismiss a complaint.  *See Fitzgibbon v. ING Bank*, C.A. No. 07-735 JJF, 2008 WL 3977985, at *2 (D. Del. Aug. 26, 2008) (citing *Milton Roy Co. v. Bausch & Lomb Inc.*, 418 F. Supp. 975, 978 (D. Del.

In analyzing a motion to dismiss under FED. R. CIV. P. 12(b)(6), a review of FED. R. CIV. P. 8(a)(2) is necessary.  It requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  That standard "does not require 'detailed factual allegations,' but . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[13]  Thus, to survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[14]  The purpose of a Rule 12(b)(6) motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case.[15]  Evaluating a motion to dismiss requires the court to accept as true all material allegations of the complaint.[16]  "The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims."[17]  A motion to dismiss may be granted only if, after, "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, plaintiff is not entitled to relief."[18]

To survive a motion to dismiss under Rule 12(b)(6), however, the factual allegations must be sufficient to "raise a right to relief above the speculative level, on the

---

1976)).
[13] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[14] *Id.* (citing *Twombly*, 550 U.S. at 570).  *See* FED. R. CIV. P. 12(b)(6).
[15] *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).
[16] *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004).
[17] *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks and citation omitted).
[18] *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks and citations omitted).

assumption that all the allegations in the complaint are true (even if doubtful in fact)."[19]
A plaintiff is obliged "to provide the 'grounds' of his 'entitle[ment] to relief'" beyond
"labels and conclusions."[20]  Heightened fact pleading is not required:  rather "enough
facts to state a claim to relief that is plausible on its face" must be alleged.[21]  The
plausibility standard does not rise to a "probability requirement," but requires "more than
a sheer possibility that a defendant has acted unlawfully."[22]  Rejected are unsupported
allegations, "bald assertions," or "legal conclusions."[23]  Further, "the tenet that a court
must accept as true all of the allegations contained in a complaint is inapplicable to legal
conclusions."[24]  Moreover, "only a complaint that states a plausible claim for relief
survives a motion to dismiss," which is a "context-specific task that requires the
reviewing court to draw on its judicial experience and common sense."[25]  Thus, well-
pled facts which only infer the "mere possibility of misconduct," do not show that "'the
pleader is entitled to relief,'" under Rule 8(a)(2).[26]  "When there are well-pleaded factual
allegations, a court should assume their veracity and then determine whether they

---

[19] *Twombly*, 550 U.S. at 555.  *See also Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007).
[20] *Twombly*, 550 U.S. at 555.
[21] *Id.* at 570.
[22] *Iqbal*, 129 S. Ct. at 1949.
[23] *Id.* ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  *See also Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (citations omitted); *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light* Co., 113 F.3d 405, 417 (3d Cir. 1997) ("unsupported conclusions and unwarranted inferences" are insufficient); *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996) (allegations that are "self-evidently false" are not accepted).
[24] *Iqbal*, 129 S. Ct. at 1949.  *See also Twombly*, 550 U.S. at 555 (a court is "not bound to accept as true a legal conclusion couched as a factual allegation").
[25] *Iqbal*, 129 S. Ct. at 1950.
[26] *Id.*

plausibly give rise to an entitlement of relief."[27]

## 2.  FED. R. CIV. P. 15(a)

The court ordinarily considers motions to amend the pleadings under FED. R. CIV. P. 15(a) which provides that "leave shall be freely given when justice so requires."  Although the determination of whether to grant or deny a motion to amend is within the discretion of the court, under *Foman v. Davis*,[28] the Supreme Court has instructed that leave to amend should be freely granted "in the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc."[29]

Generally, "[d]elay alone is not sufficient to justify denial of leave to amend."[30] The more dispositive factor in determining whether leave should be granted is prejudice to the non-moving party.[31]  In proving prejudice, the non-moving party "must do more than merely claim prejudice; it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely."[32]  Moreover, in assessing futility of a proposed amendment,

---

[27] *Id.*

[28] 371 U.S. 178 (1962).

[29] *Foman*, 371 U.S. at 182.  *See also Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006).

[30] *Arthur*, 434 F.3d at 204 (wherein the Third Circuit noted that "only one appellate court . . . has approved . . . denial of leave to amend based on a delay of less than one year").

[31] *Id.*

[32] *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (citing *Heyl & Patterson Intern., Inc. v. F.D. Rich Hous. of Virgin Islands*, 663 F.2d 419, 426 (3d Cir. 1981); *Kiser v. Gen. Elec. Co.*, 831 F.2d 423, 427-28 (3d Cir. 1987).

the same standard of legal sufficiency as under Rule 12(b)(6) is applied.[33]  An

amendment is futile when it fails to state a claim upon which relief may be granted.[34]

The analysis is the same as under Rule 12(b)(6) in that all factual allegations and all

reasonable inferences therefrom are accepted as true.  As noted previously, under Rule

12(b)(6), the court does not and cannot weigh the facts, nor determine whether a party

will ultimately prevail;[35] thus, "[o]nly where it is clear to the court . . . that a claim has no

possibility of succeeding on the merits, will the court disallow it by denying leave to

amend."[36]

### C.    Positions of the Parties

Plaintiffs contend defendant's counterclaim for breach of contract fails to state a

claim upon which relief can be granted under Rule 12(b)(6), because defendant makes

bromidic recitals of a claim element - "harm."[37]  Defendant responds its counterclaim,

read in its entirety, sufficiently notifies plaintiffs of the facts at issue.[38]

Further, defendant argues, pursuant to Rule 15(a), an amended counterclaim

should be allowed, if its original counterclaim is found deficient.[39]  Defendant asserts it

would be unjust to preclude an amendment seeking damages based on a pleading

---

[33] *See Shane v. Fauver,* 213 F.3d 113, 115 (3d Cir. 2000); *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir. 1997).
[34] *See In re Merck & Co., Inc.,* 493 F.3d 393, 400 (3d Cir. 2007).
[35] *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald,* 457 U.S. 800 (1982).
[36] *Agere Sys. Guardian Corp. v. Proxim, Inc.,* 190 F. Supp. 2d 726, 736 (D. Del. 2002).
[37] D.I. 96 at 7.
[38] D.I. 97 at 9-10.
[39] *Id.* at 18-22.

misstep,[40] and it has acted diligently at every stage of this case.[41]  Plaintiffs counter any

attempt to amend the counterclaim to satisfy pleading requirements would be futile

because what defendant seeks is not a cognizable harm or recoverable as damages.[42]

Further, plaintiffs argue defendant had sufficient notice that its counterclaim was

inadequately pled, and therefore, should not be allowed to further amend.[43]

## II. ANALYSIS

### A.    Damages

The covenant not to sue is governed by California law.[44]  Under California law,

"[a] cause of action for breach of contract requires proof of the following elements:  (1)

existence of the contract; (2) [defendant's] performance or excuse for nonperformance;

(3) [plaintiffs'] breach; and (4) damages to [defendant] as a result of the breach."[45]  The

parties do not dispute defendant, in its counterclaim, alleges:  (1) the existence of the

covenant not to sue, contained in a settlement agreement;[46] (2) defendant's

performance of the contract;[47] and (3) plaintiffs' breach thereof.[48]  Plaintiffs argue the

---

[40] *Id.* at 19.

[41] *Id.* at 21.

[42] D.I. 96 at 7.

[43] *Id.* at 8.

[44] D.I. 36, Ex. A.  Under Rule 12(b)(6) analysis, the court can consider "document[s] integral to or explicitly relied upon in the complaint."  *Quantum Loyalty Sys., Inc. v. TPG Rewards*, C.A. No. 09-022 SLR-MPT, 2011 WL 2015221, at *2 n.6 (D. Del. May 24, 2011) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).  *See also Fletcher Capital Mkts., Inc. v. Calgene, Inc.*, C.A. No. 97-234 SLR, 1998 WL 743676 (D. Del. Sept. 30, 1998) (applying California law pursuant to "Stock Purchase Agreement").

[45] *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008).

[46] D.I. 92 at 22-23, ¶¶ 19-20.

[47] *Id.* at 25, ¶ 37.

[48] *Id.*, ¶ 38.

fourth element is not satisfied, as defendant makes formulaic recitals of "harm" or "damages" inconsistent with Rule 12(b)(6).[49]  Specifically, plaintiffs contend defendant does not allege any facts sufficient to support its claims of damages and harm.[50]

Defendant counters the identifiable harm suffered is clearly monetary, since the counterclaim seeks "damages in an amount to be proven at trial."[51]  Additionally, defendant argues by virtue of the breach of contract, the harm or damages sustained is that which will put it in the same position as if the breach had not occurred.[52]

Under California law, "[f]or the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this code, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom."[53]  Likewise, "[n]o damages can be recovered for a breach of contract which are not clearly ascertainable in both their nature and origin."[54]  If a defendant pleads a plaintiff interfered with the stated purpose of the agreement, the defendant has alleged the fact of damage through interference with the enjoyment of the benefit of its bargain.[55]  Further, courts have found that parties, when facing a Rule 12(b)(6) motion

---

[49] D.I. 96 at 7.

[50] *Id.* at 9.

[51] D.I. 97 at 10; D.I. 92 at 26, ¶ E.

[52] D.I. 97 at 5, 12-13.  Defendant claims it "paid $8.5 million for, among other things, a covenant not to sue."  Also, defendant seeks to recover consequential damages arising out of the breach, including the expenses related to human capital diverted to litigation.

[53] Cal. Civ. Code § 3300.

[54] *Id.* § 3301.

[55] *See Clear Channel Outdoor, Inc. v. Bently Holdings Cal. LP*, C.A. No. 11-2573 EMC, 2011 WL 6099394, at *7 (N.D. Cal. Dec. 7, 2011) (finding damages were properly pled when stated purpose of lease was for "maintaining, operating, improving . . . [and]

to dismiss, are not required to plead a dollar amount when claiming damages for breach

of contract.[56]

In the case at hand, defendant's counterclaim reads:

19.    To settle the December 2002 actions, among others, on August 18, 2004, Illumina entered into a Settlement and Cross License Agreement (the "2004 Settlement Agreement") with Applera Corporation and its affiliates including Applera Corporation - Applied Biosystems Group.

20.    The 2004 Settlement Agreement applied to any affiliates and/or successors of a party to the 2004 Settlement Agreement, and contained a covenant by Applera Corporation not to sue Illumina with respect to certain defined products, including Illumina's GoldenGate assay.

21.    AB and Life, who are subject to Applera Corporation's covenant not to sue from the 2004 Settlement Agreement, have violated that covenant and thus breached the 2004 Settlement Agreement.

. . .

34.    Illumina incorporates ¶¶ 1-33 of its Counterclaim here.

35.    The 2004 Settlement Agreement is a contract.

---

repairing, an outdoor structure . . . , including all rights of ingress and egress over the Property necessary to legally access the Structure from a public roadway," and defendant did not allow plaintiff to access the outdoor structure).

[56] *Lopez v. Wachovia Mortg.*, No. 2:09-CV-01510-JAM-DAD, 2009 WL 3365864, at *2-3 (E.D. Cal. Oct. 15, 2009) (denying motion to dismiss breach of contract claim when plaintiffs alleged that "'Plaintiffs entered into an agreement with Defendants . . . whereby Defendants promised to provide the Plaintiffs with an affordable loan. Plaintiffs fully performed their duties under the contract with Defendants. . . .' Plaintiffs further allege that Defendants breached their agreement . . . by failing to provide . . . an affordable loan, failing to obtain payment and interest rates as promised, failing to submit an accurate loan application, failing to supervise, failing to provide loan documents for Plaintiffs' review prior to closing, failing to explain the loan documents to Plaintiffs, and failing to refinance the mortgage as promised. . . . Plaintiffs allege that they have suffered various damages, to be proven at trial") (internal citations omitted); *See also Clear Channel*, 2011 WL 6099394, at *7 (denying motion to dismiss breach of contract claim where it was alleged that "[d]efendant has materially breached the lease. . . . Plaintiff claims it is entitled to injunctive and/or specific relief as well as actual damages and attorney's fees for breach of contract.").

36.     Life Tech and AB are parties to and are bound by the 2004 Settlement Agreement.

37.     Illumina has performed its obligations under the 2004 Settlement Agreement.

38.     By suing Illumina for patent infringement in this action, Life Tech and AB have breached the 2004 Settlement Agreement.

39.     Illumina has been harmed by the breach.

40.     Illumina continues to be harmed by the breach.

. . .

E.     Awarding Illumina damages in an amount to be proven at trial.[57]

Defendant pleads plaintiffs interfered with the stated purpose of the agreement by violating the covenant not to sue.[58]  Defendant claims, pursuant to the settlement agreement, $8.5 million was paid for, among other things, a covenant not to sue.[59]  The covenant not to sue, however, would operate as a shield.  Any purported infringement would not be legally actionable as a result of the covenant not to sue.[60]  As such, defendant would get what it bargained for.[61]  Further, under California law, attorneys' fees, for enforcing a covenant not to sue, cannot be recovered as a result of a breach of

---

[57] D.I. 92 at 22, 23, 25, 26.

[58] *Id.*

[59] D.I. 97 at 5, 12-13.

[60] *Int'l Bus. Machs. Corp. v. Dale*, No. 7:11-cv-951 VLB, 2011 WL 4012399, at *4 (S.D.N.Y. Sept. 9, 2011).

[61] To distinguish, if a defendant, in a case not involving a covenant not to sue, breaches a contract, a plaintiff can recover damages to recover the benefit of its bargain.  *Clear Channel*, 2011 WL 6099394, at *7.  When there is a covenant not to sue, any suit violating the covenant would not be legally actionable, and there would be no damages because the party wielding the covenant would get the benefit of its bargain.  *Int'l Bus. Machs.*, 2011 WL 4012399, at *4.

the covenant, unless the agreement or a statute specifically so provides.[62]  Neither party

identified a contract provision nor a California statute authorizing recovery of attorneys'

fees for breach of any part of the settlement agreement.

"Even where no actual damages can be established, a [party] who has

established that a contract was breached is entitled to an award of nominal damages as

the breach itself is a 'legal wrong that is fully distinct from the actual damages.'"[63]

Although such damages are recoverable, "[n]ominal damages and speculative harm do

not suffice to show legally cognizable damage under California contract law."[64]

Similarly, punitive damages can be awarded "where a [party] receives only nominal

damages, provided the [party] has proven actual, but unquantifiable, damages."[65]

_____

[62] *Navellier v. Sleeten*, 106 Cal. App. 4th 763 (2003) (finding in the context of an
anti-SLAPP motion that attorneys' fees incurred in connection with a counterclaim for
breach of a release were not available due to the absence of a special statute or
contractual provision for attorney fees); *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp.
2d 1048, 1057 (N.D. Cal. 2004) (noting the California rule); *Artvale, Inc. v. Rugby
Fabrics, Corp.*, 363 F.2d 1002 (2d Cir. 1966); *Kamfar v. New World Restaurant Group,
Inc.*, 347 F. Supp. 2d 38 (S.D.N.Y. 2004); *Haslach v. Sec. Pac. Bank Or.*, 779 F. Supp.
489 (D. Or. 1991).  *See also Rector v. Warner Bros. Pictures*, 102 F. Supp. 263, 266
(S.D. Cal. 1952) (commenting upon distinction between release and covenant not to
sue); *Winchester Drive-In Theatre, Inc. v. Warner Bros. Pictures Distrib. Corp.*, 358 F.2d
432, 436 (9th Cir. 1966) (disagreeing with district court on scope of covenant, but
observing that district court did not allow attorneys' fees for breach of contract due to
absence of provision for attorneys' fees in agreement); Sonja A. Soehnel, Annotation,
*Recovery of Attorneys' Fees and Costs of Litigation Incurred As Result Of Breach of
Agreement Not To Sue*, 9 A.L.R. 5th 933 (1993).
    [63] *ProMex, LLC v. Hernandez*, 781 F. Supp. 2d 1013, 1019 (C.D. Cal. 2011)
(citations omitted).
    [64] *In re Facebook Privacy Litigation*, C.A. No. 10-02389 JSW, 2011 WL 6176208,
at *4 (N.D. Cal. Nov. 22, 2011) (citation omitted).  The court understands this as saying
nominal damages are not the type of damages sufficient to establish a breach of
contract claim.
    [65] *Hynix Semiconductor Inc. v. Rambus, Inc.*, 527 F. Supp. 2d 1084, 1102 (N.D.
Cal. 2007) (citations omitted).

However, "[p]unitive damages are not available in a contract action, and in the absence of an independent tort, they may not be awarded for breach of contract even if [a party's] conduct in breaching the contract was willful, fraudulent, or malicious."[66]

Defendant has not identified, and the court has not located, a case allowing recovery of human capital damages for breach of contract.[67]  Therefore, defendant's counterclaim for breach of contract fails to state a claim upon which relief can be granted under Rule 12(b)(6), because of defendant's inability to show damages.

## B.    Amendment to the Counterclaim

Plaintiffs argue any request to amend its counterclaim should be denied because defendant "was on notice of the pleading deficiencies and failed to rectify them by amendment prior to Plaintiffs' filing this motion."[68]  "A district court has discretion to deny a [party] leave to amend where the [party] was put on notice as to the deficiencies in his [pleading]."[69]  In the instant matter, although defendant had notice of potential defects in its breach of contract counterclaim, until this decision, no court indicated that

---

[66] *Zepeda v. OneWest Bank FSB*, No. 5:CV 11-00777 EJD, 2011 WL 6182951, at *9 n.5 (N.D. Cal. Dec. 13, 2011) (citations omitted).

[67] Litigation expenses, such as the salary of a defendant's president while occupied with litigation, are not recoverable unless intended by the contract between the parties.  *See Artvale,* 363 F.2d at 1006-08; *Leegin Creative Leather Prods., Inc. v. Diaz*, 131 Cal. App. 4th 1517, 1525-26 (2005) (addressing the speculative nature of "human capital" type damages).  Further, when deciding a Rule 12(b)(6) motion, "a court is not to strain to find inferences favorable" to the non-moving party.  *Redden v. Smith & Nephew, Inc.*, C.A. No. 3:09-CV-1380-L, 2010 WL 2944598, at *3 (N.D. Tex. July 26, 2010).

[68] D.I. 96 at 14.  Specifically, plaintiffs note a near carbon copy of the counterclaim at issue was filed in California.  Plaintiffs point out they challenged the sufficiency of the damages allegation in the California matter, and anticipated and confronted the proposed counterclaim in the present action.  D.I. 96, Ex. A.; D.I. 100, Ex. C at 9:5-9.

[69] *Krantz v. Prudential Invs. Fund Mgmt. LLC*, 305 F.3d 140, 144 (3d Cir. 2002).

counterclaim failed to meet the Rule 12(b)(6) pleading standard.

As noted previously, the relevant case law provides:  (1) if an injury is not legally actionable due to the covenant not to sue, defendant obtains what it bargained for, and (2) attorneys' fees, for enforcing a covenant not to sue, are not recoverable, unless the agreement or a statute specifically so provides.  Moreover, defendant has not identified, and the court has not located, case law authorizing human capital type damages for breach of contract.   As clearly indicated under the facts in its counterclaim for declaratory judgment, defendant is proceeding to enforce the covenant not to sue:  it is not seeking to rescind the covenant.[70]  Thus, defendant has suggested it is using the covenant as a defense to plaintiffs' claims.[71]

For the reasons previously outlined, defendant cannot recover under its present and proposed damages theories.[72]  Thus, defendant's proposed amendment would be futile.   As a result, defendant's motion for leave to amend the breach of contract counterclaim is denied.[73]

## III. ORDER AND RECOMMENDED DISPOSITION

For the reasons contained herein, this court recommends that:

(1) Plaintiffs' motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief can be granted (D.I. 95) is GRANTED.

(2) Defendant's request to amend pursuant to FED. R. CIV. P. 15(a) (D.I. 97) is

---

[70] *See* D.I. 92 at 20 ¶¶ 1-26.
[71] Defendant's affirmative defense found at D.I. 92 at 20,¶ 6 and request for relief at 25-26 ¶¶ A, D and E further support this conclusion.
[72] The court does not find undue delay, bad faith, prejudice or dilatory motive.
[73] The court's findings herein have no affect on defendant's use of the covenant not to sue as a defense to this action.  *Int'l Bus. Machs.*, 2011 WL 4012399, at *4.

DENIED.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B),

FED. R. CIV. P. 72(b)(1), and D. Del. LR 72.1.  The parties may serve and file specific

written objections within fourteen days after being served with a copy of this Report and

Recommendation.[74]  The objections and response to the objections are limited to ten

pages each.

The parties are directed to the Court's standing Order in Non Pro Se matters for

Objections Filed under FED. R. CIV. P. 72, dated November 16, 2009, a copy of which is

available on the Court's website, www.ded.uscourts.gov.


Date: May 23, 2012                          _____/s/ Mary Pat Thynge_____
                                            UNITED STATES MAGISTRATE JUDGE

---

[74] FED. R. CIV. P. 72(b)(2).