IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CORNELL UNIVERSITY, CORNELL　　　　　　　:
RESEARCH FOUNDATION, INC., LIFE　　　　　:
TECHNOLOGIES CORPORATION, AND　　　　:
APPLIED BIOSYSTEMS, LLC,　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　Plaintiffs,　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
v.　　　　　　　　　　　　　　　　　　　　　　　　　　　: C.A. No. 10-433-LPS-MPT
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
ILLUMINA, INC.,　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　Defendant.　　　　　　:

**ORDER**

At Wilmington, this **22nd** day of **September, 2014**:

For the reasons stated in the Memorandum Opinion issued this same date, IT IS HEREBY ORDERED that:

The Court ADOPTS Chief Magistrate Judge Thynge's Report and Recommendation issued on June 25, 2013 (D.I. 206), and specifically holds as follows:

　　1.　　Plaintiffs' motion to strike, alleging Defendant's reply brief relies on inadmissible evidence from an incomplete record on the parties' settlement negotiations, including the negotiation history, draft settlement agreements, and correspondence (D.I. 184), is GRANTED.

　　2.　　Plaintiffs' motion to strike, alleging Defendant's reply brief contains arguments

and alleged facts that were not included in Defendant's opening brief (D.I. 184), is GRANTED IN PART and DENIED IN PART.[3]

3. Defendant's motion for summary judgment, alleging Life Technologies and Applied Biosystems are bound by the covenant not to sue entered into by Applera as Applera's "Affiliates," affiliates," or "Successors" (D.I. 167), is GRANTED.

4. Defendant's motion for summary judgment, alleging Cornell and Applied Biosystems lack standing to sue Defendant because Cornell contractually waived its right to sue Defendant for infringement, and Applied Biosystems has no ownership interest in the patents at issue (D.I. 167), is DENIED.

5. Defendant's motion for summary judgment, alleging the covenant not to sue bars Plaintiffs' infringement claims as it protects Defendant from suits alleging infringement of the "Blocking Patents" by "Defined Products" and "Modified Defined Products," because the accused products are Defined and Modified Defined Products, the patents at issue are Blocking Patents, and the asserted patent claims are not the "Excluded Patent Claims" exempted from the covenant not to sue (D.I. 167), is DENIED.

6. Plaintiffs' cross motion for summary judgment, alleging Life Technologies is not bound by the covenant not to sue because Life Technologies is not Applera, Applera's "Affiliates," "affiliates," or "Successors" (D.I. 172), is DENIED.

---

[3]The parties did not object to Judge Thynge's first and second recommendations. The Court adopts those uncontested recommendations in paragraphs 1 and 2 of this Order.

7. Plaintiffs' cross motion for summary judgment, alleging Cornell is not bound by the covenant not to sue because Cornell is not Applera, Applera's "Affiliates," Applera's "affiliates," or Applera's "Successors" (D.I. 172), is GRANTED.

8. Plaintiffs' cross motion for summary judgment, alleging the covenant not to sue protects defendant from suits alleging infringement of the "Blocking Patents" that are "owned or licensed by Applera," and the patents in suit are not owned or licensed by Applera (D.I. 172), is GRANTED.

9. Plaintiffs' cross motion for summary judgment, alleging the covenant not to sue protects defendant from suits alleging infringement of the "Blocking Patents" that "would necessarily be infringed" by the sale, manufacture, or use of the "Defined Product," and the patents in suit are not necessarily infringed because the Defined Product can be used without infringing the patents (D.I. 172), is DENIED.

10. Because the Memorandum Opinion was issued under seal, the parties shall, *no later than two (2) days after the date of this Order*, submit a proposed redacted version. The Court will thereafter issue a public version of its Memorandum Opinion.

11. The parties shall submit a joint status report no later than *fourteen (14) days from the date of this Order*.

_____
UNITED STATES DISTRICT JUDGE