# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CORNELL UNIVERSITY, CORNELL RESEARCH FOUNDATION, INC., LIFE TECHNOLOGIES CORPORATION, AND APPLIED BIOSYSTEMS, LLC : : : : : : Plaintiffs, : : v. : ILLUMINA, INC., : : Defendant. : : | C.A. No. 10-433-LPS-MPT |

## MEMORANDUM ORDER

Defendant Illumina, Inc. ("Defendant") moves for reconsideration and reargument of the Court's September 22, 2014 Memorandum Order (D.I. 229), in which the Court granted summary judgment to Plaintiffs. (D.I. 238)

Pursuant to Local Rule 7.1.5, a motion for reconsideration should be granted only "sparingly." The decision to grant such a motion lies squarely within the discretion of the district court. *See Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F.Supp.2d 385, 419 (D. Del. 1999); *Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1241 (D. Del. 1990). These types of motions are granted only if the Court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension. *See Shering Corp. v. Amgen, Inc.*, 25 F.Supp.2d 293, 295 (D. Del. 1998); *Brambles*, 735 F.Supp. at 1241. "A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made." *Smith v. Meyers*, 2009 WL 5195928, at *1 (D. Del. Dec. 30, 2009); *see also Glendon Energy Co. v. Borough of Glendon*, 836 F.Supp. 1109, 1122 (E.D. Pa.1993). It

is not an opportunity to "accomplish repetition of arguments that were or should have been presented to the court previously." *Karr v. Castle*, 768 F.Supp. 1087, 1093 (D. Del. 1991).

A motion for reconsideration may be granted only if the movant can show at least one of the following: (I) there has been an intervening change in controlling law; (ii) the availability of new evidence not available when the court made its decision; or (iii) there is a need to correct a clear error of law or fact to prevent manifest injustice. *See Max's Seafood Café by LouAnn, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). However, in no instance should reconsideration be granted if it would not result in amendment of an order. *See Schering Corp.*, 25 F.Supp.2d at 295.

As an initial matter, it appears that Defendants did not present the arguments they now press in their pending motion when they were before Chief Magistrate Judge Thynge, which precludes them from receiving the relief they now seek. *See Masimo Corp. v. Philips Elec. N. Am. Corp.*, C.A. No. 09-80-LPS-MPT D.I. 781 at 8-9 (D. Del. March 31, 2014) (stating that "parties objecting to a Magistrate Judge's report or order are required to adhere to the arguments, evidence, and issues they presented first to the Magistrate Judge").[1]

In any case, having reviewed the parties' submissions (D.I. 238, 242), the Court concludes that Defendant has not met the heavy burden required to warrant reconsideration. Defendant contends that the Court "misapprehended" which patents were licensed to Applera, and, therefore, which patents were potentially subject to the covenant not to sue. "The Court thus

---

[1] Additionally, Defendants' motion is in tension with D. Del. LR 7.1.5 and the Court's Standing Order Relating to the Utilization of Magistrate Judges, both of which are intended to promote finality by precluding parties from objecting to a magistrate judge action ***and*** moving for reconsideration or reargument with respect to that same action.

2

denied Illumina's motion for summary judgment, and granted plaintiffs' cross-motion. . . . This was incorrect because under the clear and unambiguous terms of its 2001 License with Cornell, Applera obtained licenses to each respective *patent* when it issued." (D.I. 238 at 4) (emphasis in original) To support its argument, Defendant provides a list of the issuing dates for eight of the patents-in-suit and notes that each was issued prior to the date when Applera ceased to exist as a separate corporation. (D.I. 238 at 2, 4)

Defendant first addressed the issue of whether it owned licenses to patents or to patent applications in its objections to the Magistrate Judge's Report and Recommendation on cross-motions for summary judgment. (D.I. 209) Defendant argued:

> The 2001 agreement unambiguously granted Applera licenses to the relevant patent applications and "any continuing prosecution, continuation-in-part, or divisional applications thereof, as well as foreign counterparts thereof." (D.I. 180, Ex. 28, ¶ 2.2) Each of the ten patents [in suit] falls within the scope of this expansive language – not only the eight that issued *before* Applera became Applied Biosystems, but also the two that issued *after*. The license's broad coverage guaranteed that Applera would be protected from infringement regardless of the precise path or timing of the patents' eventual issuance. And, through the Covenant, Illumina obtained equally broad protection from suit based on those same licensed patents.

(D.I. 209 at 6) The Court addressed this argument in its Memorandum Opinion, stating, "comparing the language of the exclusive license and that of the Covenant shows that these two agreements are not equally broad. . . . The covenant does not include 'patent applications' and the Court will not read that term into the covenant." (D.I. 229 at 9) While the Court may have overlooked the fact that the patent applications at issue had been issued as patents, this fact does not change the outcome of the summary judgment motion, and since correction of this point will

3

not "result in the amendment of an order," the motion for reconsideration must be denied.

Chief Magistrate Judge Thynge found that because Life Technologies (Applera's *successor* rather than its *Affiliate*) is the exclusive licensee of the patents, the patents cannot be owned or licensed by Applera. (D.I. 206 at 39)[2] Thus, even if the Court granted reargument regarding whether the patents-in-suit (rather than the patent applications) were owned by Applera – an issue that was not presented before Judge Thynge – the result would still be a finding that "the patents-in-suit that are licensed by Applera's Successor are not licensed by Applera," as stated in the Court's September 22, 2014 order. (D.I. 229 at 9)

Accordingly, Defendant's motion (D.I. 238) is DENIED. The parties shall provide the Court with a proposed redacted version of this Memorandum Order by November 20, 2014.

November 18, 2014  
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE

---

[2]The Court's opinion adopted this rationale. (*See* D.I. 229 at 9) ("No definition of 'Applera' includes Applera's Successor.")

4