IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CORNELL UNIVERSITY, CORNELL RESEARCH FOUNDATION, INC., LIFE TECHNOLOGIES CORPORATION, and APPLIED BIOSYSTEMS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ILLUMINA, INC.,<br><br>Defendant. | )<br>)<br>)<br>) C.A. No. 10-433-LPS-MPT<br>)<br>) REDACTED PUBLIC VERSION<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT ILLUMINA, INC.'S MEMORANDUM IN RESPONSE TO
LIFE TECHNOLOGIES CORPORATION AND APPLIED BIOSYSTEMS LLC'S
CROSS-MOTION TO DISMISS OR STAY CORNELL'S MOTION AND TO
<u>COMPEL MEDIATION OR ARBITRATION</u>**

*Of Counsel:*

Christopher N. Sipes
Jeffrey H. Lerner
Jay I. Alexander
Bradley Ervin
Matthew Kudzin
Jared Frisch
Christopher Zirpoli
Covington & Burling LLP
850 10th Street, NW
Washington, DC 20001
(202) 662-6000

Alexa Hansen
Covington & Burling LLP
One Front Street
San Francisco, CA 94111
(415) 591-6000

Dated: August 31, 2017

ASHBY & GEDDES
Steven J. Balick (#2114)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
amayo@ashby-geddes.com

*Attorneys for Defendant*

{01240427;v1 }

███████████████████████████

## TABLE OF CONTENTS

Page

INTRODUCTION AND SUMMARY OF ARGUMENT ............................................................ 1

NATURE AND STAGE OF THE PROCEEDINGS AND STATEMENT OF FACTS ............... 3

ARGUMENT .................................................................................................................................. 5

I. THE DISPUTE HERE IS ONLY BETWEEN CORNELL AND LIFE TECH, AND DOES NOT TRIGGER THE ARBITRATION CLAUSE IN ██ ████████████████ .................................................................................. 5

II. THE ████████████████████████████████████ ARE VALID AND BEYOND THE SCOPE OF THE ARBITRATION CLAUSE IN ███████ ........................................................................................................ 7

    A. Life Tech Acted Within Its Actual And Apparent Authority In Making ██████████████████████████████ With Illumina. ................ 8

    B. Cornell's And Life Tech's Agreement █████████████████ ███████████████████████████████████████████ ██████ .............................................................................................. 10

CONCLUSION ............................................................................................................................. 11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AGCO Corp. v. Anglin*,
   216 F.3d 589 (7th Cir. 2000) ...................................................................................................10

*AT & T Techs., Inc. v. Commc'ns Workers*,
   475 U.S. 643 (1986) ....................................................................................................................5

*Azur v. Chase Bank, USA, Nat'l Ass'n*,
   601 F.3d 212 (3d Cir. 2010) ........................................................................................................9

*Bel-Ray Co. v. Chemsite (Pty) Ltd.*,
   181 F.3d 435 (3d Cir. 1999) ......................................................................................................10

*Century Indem. Co. v. Certain Underwriters at Lloyd's, London*,
   584 F.3d 513 (3d Cir. 2009) ...................................................................................................1, 5

*Crumlish v. Price*,
   266 A.2d 182 (Del. 1970) ............................................................................................................9

*Dweck v. Nasser*,
   959 A.2d 29 (Del. Ch. 2008) .......................................................................................................9

*First Options Chicago, Inc. v. Kaplan*,
   514 U.S. 938 (1995) ..................................................................................................................10

*Liberty Mut. Ins. Co. v. Enjay Chem. Co.*,
   316 A.2d 219 (Del. 1974) ............................................................................................................8

*Local 827, Int'l. Bhd. of Elec. Workers, AFL-CIO v. Verizon New Jersey, Inc.*,
   458 F.3d 305 (3d Cir. 2006) ........................................................................................................6

*Trap Rock Indus. v. Local 825, Int'l Union of Operating Eng'rs*,
   982 F.2d 884 (3d Cir. 1992) ........................................................................................................6

**Other Authorities**

Fed. R. Civ. P. 60(b)(6)....................................................................................................................3

Rest. 3d Agency, §2.03 (2006) .......................................................................................................9

[REDACTED]

## INTRODUCTION AND SUMMARY OF ARGUMENT

Defendant ("Illumina") takes no position on the cross-motion of Life Technologies Corporation and Applied Biosystems, LLC (jointly, "Life Tech") (D.I. 625), to the extent that it seeks mediation or arbitration to resolve the dispute between Life Tech and the two Cornell plaintiffs (jointly, "Cornell") over [REDACTED]

[REDACTED]

However, Illumina opposes Life Tech's cross-motion to the extent that it seeks to compel Illumina to arbitrate or have its own rights determined in arbitration. [REDACTED] Arbitration may not be compelled unless there is a valid agreement to arbitrate between the parties and the dispute falls within the scope of that agreement. *Century Indem. Co. v. Certain Underwriters at Lloyd's, London*, 584 F.3d 513, 523 (3d Cir. 2009).

[REDACTED]

██████████████████████████████████
████████████████████████████████████████████
████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
██████████████████████████

The Court, not an arbitrator, should rule on Cornell's Rule 60 motion for relief from the Court's judgment of dismissal. ████████████████████████████

████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████
████████████████████████
████████████████████████████████████
████████████████████████████████████

██████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
█████████████████████.

### NATURE AND STAGE OF THE PROCEEDINGS AND STATEMENT OF FACTS

This case terminated on April 24, 2017, after nearly seven years of litigation, when the Court signed the parties' joint stipulation to dismiss all claims pursuant to ████████ ████████████████████████████████ The dismissed claims comprised assertions by Cornell and Life Tech that Illumina infringed 15 patents from two patent families that Cornell had licensed exclusively to Life Tech.

Two months later, on June 21, 2017, Cornell moved to vacate the stipulated dismissal pursuant to Fed. R. Civ. P. 60(b)(6) ████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
██████████████
       ████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████



On August 1, 2017, Life Tech and Illumina separately opposed Cornell's Rule 60 motion, arguing that it should be denied on the merits. D.I. 621; 629. Life Tech also filed a cross-motion seeking to compel mediation or arbitration of the Cornell-Life Tech dispute raised in Cornell's Rule 60 motion. D.I. 626. This is Illumina's response to that cross-motion.

███████████████████████████

**ARGUMENT**

**I.    THE DISPUTE HERE IS ONLY BETWEEN CORNELL AND LIFE TECH, AND DOES NOT TRIGGER THE ARBITRATION CLAUSE IN ███████████ ██████████**

██████████████████████████████████

██████████████████████████████████

████████████████████████████

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

████████████████

██████████████████████████████████

███████████████████████████. Because "arbitration is a matter of contract[,] a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT & T Techs., Inc. v. Commc'ns Workers*, 475 U.S. 643, 648 (1986) (internal quotations omitted). "Before compelling a party to arbitrate pursuant to the FAA, a court must determine that (1) there is an agreement to arbitrate and (2) the dispute at issue falls within the scope of that agreement." *Century Indem. Co.*, 584 F.3d at 523. "Where the arbitration

██████████████████████████████

provision is narrowly crafted, 'we cannot presume, as we might if it were drafted broadly, that the parties here agreed to submit all disputes to arbitration[.]'" *Local 827, Int'l Bhd.. of Elec. Workers, AFL-CIO v. Verizon New Jersey, Inc.*, 458 F.3d 305, 310 (3d Cir. 2006) (quoting *Trap Rock Indus. v. Local 825, Int'l Union of Operating Eng'rs*, 982 F.2d 884, 888 n.5 (3d Cir. 1992)).

███████████████████████████████████
███████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
████████████████ ██████████████████
██████████████████.
███████████████████████████████
███████████████████████████████
███████████████████████████████

---

1 ████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████

II. THE ████████████████████████████████████████
    **ARE VALID AND BEYOND THE SCOPE OF THE ARBITRATION CLAUSE IN**
    ████████.

███████████████████████████████████
████████████████████████.

### A. Life Tech Acted Within Its Actual And Apparent Authority In Making ██ ███████████████████ With Illumina.



Under Delaware law,[2] contracts made by an agent with apparent authority are valid with respect to a third party even if they may have been fraudulent with respect to the principal. *Liberty Mut. Ins. Co. v. Enjay Chem. Co.*, 316 A.2d 219, 223 (Del. 1974) (principal liable for loss where agent fraudulently converted payments made to agent by innocent third party who reasonably believed agent was acting on behalf of the principal); *Dweck v. Nasser*, 959 A.2d 29,

---

[2] ████████████████████████████████████████████████████████████████

██████████████████████████████

38–44 (Del. Ch. 2008) (client bound by settlement with third party negotiated by attorney with apparent or actual authority), *vacated on other grounds*, 966 A.2d 348 (Del. Super. Ct. 2009); *accord Azur v. Chase Bank, USA, Nat'l Ass'n*, 601 F.3d 212, 218–22 (3d Cir. 2010) (under Pennsylvania law, employer bound to credit card charges allegedly fraudulently made by employee). ████████████████████

████████████████████████████

███████████████████████

██ ███████████████████████████

████████████████████████████

███████████████████████████

█████████████████████████ *See Crumlish v. Price*, 266 A.2d 182, 183–84 (Del. 1970) ("A principal is bound by an agent's apparent authority which he knowingly permits the agent to assume of which he holds the agent out as possessing."); Rest. 3d Agency, §2.03 (2006) ("Apparent authority is the power held by an agent or other actor to affect a principal's legal relations with third parties when a third party reasonably believes the actor has authority to act on behalf of the principal and that belief is traceable to the principal's manifestations.").

████████████████████████

████████████████████████████

████████████████████████████

████████████████████████████

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

████████████████████

  **B.**  **Cornell's And Life Tech's Agreement** ████████████
████████████████████████████████████

██████████████████████████████████

██████████████████████████████████

████████████████████ It is well established that arbitration is "a way to resolve those disputes—*but only those disputes*—that *the parties* have agreed to submit to arbitration." *First Options Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995) (emphases added). "Arbitration is strictly a matter of contract. If a party has not agreed to arbitrate, the courts have no authority to mandate that he do so." *Bel-Ray Co. v. Chemsite (Pty) Ltd.*, 181 F.3d 435, 444 (3d Cir. 1999).

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

████████████████████████████. *See, e.g.*, *AGCO Corp. v. Anglin*, 216 F.3d 589, 593 (7th Cir. 2000) (vacating award that considered contracts entered into by separate parties and that were not encompassed by the arbitration agreement at issue).

## CONCLUSION

For the foregoing reasons, and those stated in its opposition to Cornell's Rule 60 motion (D.I. 629), Illumina respectfully requests that the Court deny Cornell's Rule 60 motion to vacate the stipulated judgment of dismissal in this case and find the releases and sublicenses granted to Illumina in the Settlement Agreement and the Sublicense Agreement to be valid as a matter of law. To the extent the Court grants Life Tech's cross-motion for arbitration over the extant dispute between Cornell and Life Tech, the order should make clear that the arbitrator is not empowered to disturb Illumina's rights under those agreements.

ASHBY & GEDDES

*/s/ Steven J. Balick*

*Of Counsel:*

Christopher N. Sipes
Jeffrey H. Lerner
Jay I. Alexander
Bradley Ervin
Matthew Kudzin
Jared Frisch
Christopher Zirpoli
Covington & Burling LLP
850 10th Street, NW
Washington, DC 20001
(202) 662-6000

Alexa Hansen
Covington & Burling LLP
One Front Street
San Francisco, CA 94111
(415) 591-6000

Dated: August 31, 2017

Steven J. Balick (#2114)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
amayo@ashby-geddes.com

*Attorneys for Defendant*